IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ZACKERY BETHEA, :
:
    Plaintiff, : CIVIL NO. 4:CV-07-0278
:
v. : (Judge Jones)
:
DREW WAGNER, *et al.*, :
:
    Defendants. :

## MEMORANDUM

July 13, 2007

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Plaintiff Zachery Bethea ("Plaintiff" or "Bethea"), an inmate presently confined at the Retreat State Correctional Institution at Hunlock Creek, Pennsylvania, commenced the above-captioned pro se action by filing a complaint (doc. 1) pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff claims that while previously incarcerated in the Schuylkill County Prison at Pottsville, Pennsylvania, he was denied adequate medical care by Defendants in retaliation for grievances that he filed.

On April 16, 2007, Defendants filed a Motion to Dismiss Plaintiff's Complaint (doc. 13). A brief in support of the motion was timely filed. Plaintiff filed no response, nor brief in opposition. By Order dated June 20, 2007 (doc. 24), this

Court directed Plaintiff to file a brief in opposition to Defendant's motion to dismiss within fifteen (15) days of the date of the Order. The Order of June 20, 2007 forewarned Plaintiff that if he failed to file a brief within the required time period, the Court would deem the motion unopposed and grant it without a merits analysis.

Although the deadline for filing an opposing brief has passed, Plaintiff has neither filed a brief in opposition to Defendants' motion, nor has he requested an extension of time in which to do so. In Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991), the United States Court of Appeals for the Third Circuit held that a motion to dismiss should not be granted simply because it is unopposed. However, the Third Circuit Court of Appeals did not preclude dismissal based upon an unopposed motion, after adequate warning. "We do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to a dismissal without a merits analysis . . . Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked." Id. Plaintiff was advised of the requirements of Local Rule 7.6 by both the Standing Practice Order (doc. 5) issued in this case on February 13, 2007, and the June 20, 2007 Order. He was specifically notified that failure to comply with Local Rule 7.6 by filing a brief in opposition would result in dismissal of the case. Consequently, the Court will grant the Defendants' unopposed motion to dismiss

without a merits analysis, and the case will be closed under Rule 41(b) for failure to comply with a Court Order.  See M.D. Pa. Local Rule 7.6; Fed. R. Civ. P. 41(b); Stackhouse, 951 F.2d at 30 (3d Cir. 1991).  An appropriate Order shall issue.

_____
John E. Jones III
United States District Judge